MARY C. REMER, AS ADMINISTRATRIX, ETC., OF THOMAS A. REMER, DECEASED, APPELLANT, *v.* THE LONG ISLAND RAILROAD COMPANY, RESPONDENT.

*Negligence — what questions should be left to the jury.*

The plaintiff and her husband went to a ball ground, and in passing thereto from a street crossing the defendant's railroad, walked along an embankment upon which the defendant's tracks were laid. After remaining at the ball ground some twenty minutes, they started to return by the same way. The embankment was narrow, the earth not reaching beyond the ends of the sleepers, and the banks descending rapidly to ·a ditch which, at the time of the accident, was about half full of water. When about 160 feet from the end of the embankment towards which they were going, they heard and saw a locomotive coming. behind them. It was about 640 feet from them and was running alone at the rate of ten or twelve miles an hour; it could have been stopped in a distance of about 100 feet. The plaintiff and her husband tried to reach the end of the embankment, and the wife succeeded in doing so, but the husband was struck by the engine and killed just as he was stepping from the track.

In an action by the wife, as administratrix of her husband, to recover damages because of his alleged negligent killing by the defendant, the court directed a nonsuit to be entered.

*Held,* that this was error; that the question as to the defendant's negligence, and the deceased's contributory negligence, should have been submitted to the jury.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

This action was brought by the plaintiff as administratrix to recover damages caused by the killing of her husband by an engine of the Long Island Railroad Company. It was brought to trial before Mr. Justice CULLEN and a jury, on the 19th day of October, 1883, and upon the close of the plaintiff's case the complaint was dismissed on the ground of contributory negligence on the part of the deceased. Upon the trial testimony was given tending to show that on the 19th day of November, 1882, the plaintiff and her husband attended a ball game at a certain place in Kings county, near the line of defendant's railroad. They walked along a portion of defendant's tracks, which were laid upon an embankment, upon each side of which were ditches, extending for a distance of about 300 feet. The top of the embankment was narrow, the ends of the sleepers extending beyond it. It was about seven feet high, and its

sides sloped steeply down to the bottom. After staying at the ball grounds about twenty minutes Mrs. Remer, who was in delicate health, felt cold, and they started to go back the same way. When Mr. and Mrs. Remer had got to a point near the middle of the embankment Mrs. Remer heard some one shouting, and looking back saw an engine approaching them. The only way of getting off the track was to jump down the bank into the ditch. The evidence showed that persons had at times got out of the way of passing trains in this way, by jumping into the ditch and climbing out beyond it, but there had been considerable rain just before the day of the accident and the ditch on that day was half full of water. They started for a street crossing about 160 feet ahead. The engine at this time was about 640 feet away from them, and was running at the rate of about ten or twelve miles an hour, and they thought that they could reach it in time. The evidence of an experienced engineer showed that an engine running at this rate can easily be stopped in 100 feet. They continued to hurry as much as Mrs. Remer was able, and reached the street crossing. Mr. Remer helped Mrs. Remer on the platform, but just as he placed one foot there himself the engine struck him, hurling him eighty-five feet, and killing him instantly.

*Erastus New*, for the appellant.

*E. B. Hinsdale*, for the respondent.

BARNARD, P. J.:

Assuming that the deceased was improperly upon the track of the defendant, still it must be conceded. that the defendant was not thereby excused from a fair and even diligent effort to save him. Whether this effort was made was a question for a jury to answer. The defendants' driver saw the deceased upon the track some 640 feet off. He could have easily stopped the locomotive. There was evidence tending to show that it was difficult to leave the track at the point where deceased was when first seen, and there is proof that he made great efforts to get to the end of the trestle work and beyond the ditch on the side of it, so as to leave the track. He failed by the fractional part of a minute, probably three seconds, and was killed.. As a general rule, the question of contributory

negligence is for the jury. The case must be so plain to justify a nonsuit upon that ground, that a verdict, if found, would not be permitted to stand. If a different deduction can be made from the evidence in respect thereto, it is for the jury to say whether it is made out. The railroad track leads to a public ball ground from a street-car crossing. Many people used the railroad track to get to it. The trespass was an involuntary one, and if he did all he could be properly asked to do to escape the peril in which he was suddenly placed, the jury may find no contributory negligence upon his part.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event

PRATT, J. :

The fact that deceased was upon the railroad track does not of itself render it impossible for the plaintiff to recover in this action. For, notwithstanding the trespass, it was still the duty of defendant to exercise diligence and care to avoid the loss of life. The question whether the company exercised such care is not an easy one to determine, for, upon several important matters, the witnesses do not agree. Some of the witnesses testify to a condition of the bank and ditches, which should have been ample notice to the engineer to stop his train as soon as he saw the deceased upon the track. Had he stopped thus promptly, the injury would not have taken place. Other witnesses testify to a condition of the bank and ditches, from which the engineer might well have expected that deceased would safely go down the bank and thus escape from peril. If he had reason to believe deceased could safely go down the bank and escape danger at any time, he might well neglect to stop the train until he had reason to suspect deceased was not going to take that course.

On the whole, we think, the question of defendant's negligence should have been submitted to the jury, and, likewise, the question of contributory negligence of deceased.

The judgment should be reversed and a new trial ordered, costs to abide event.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.